Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Dominick S. Romano, Jr.**, an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. |  |
| **Encore Receivable Management Inc.**, a Kansas corporation; |  |
| Defendant. | (Jury Trial Demanded) |

Plaintiff alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiff seeks

      to recover actual damages, and statutory damages, as well as reasonable attorney's fees and costs.

## II. STATUTORY STRUCTURE OF FDCPA.

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

1  the collection of any debts, or who regularly collects
2  or attempts to collect, directly or indirectly, debts
3  owed or due or asserted to be owed or due to another.
4  FDCPA § 1692a(6).
5  7.  Any debt collector who fails to comply with the
6  provisions of the FDCPA is liable for any actual damage
7  sustained; statutory damages up to $1,000; attorney's
8  fees as determined by the Court and costs of the action.
9  FDCPA § 1692k.

### III.   JURISDICTION

11 8.  Jurisdiction of this Court, over this action and the
12  parties herein, arises under 15 U.S.C. §1692k(d)
13  (FDCPA), and 28 U.S.C. §1337. Venue lies in the Tucson
14  Division of the District of Arizona as Plaintiff's
15  claims arose from acts of the Defendant perpetrated
16  therein.

### IV.   PARTIES

18 9.  Plaintiff is a resident of Pinal County, Arizona.
19 10. Plaintiff is allegedly obligated to pay a consumer debt
20  and is a "consumer" as defined by FDCPA §1692a(3).
21 11. Defendant Encore Receivable Management, Inc.
22  (hereinafter "Encore") is a corporation domiciled in the
23  State of Kansas.
24 12. Encore is registered to do business within the state of
25  Arizona, and is licensed as a collection agency by the
26  Arizona Department of Financial Institutions.

13. Encore regularly collects or attempts to collect debts owed or asserted to be owed or due another, or debts which it has purchased after default, and is a "debt collector" as defined by FDCPA §1692a(6).

### V.  FACTUAL ALLEGATIONS

14. Plaintiff took out a loan with Broyhill/GEMB for personal, family, and/or household purposes.
15. Plaintiff subsequently defaulted on the Broyhill loan.
16. Broyhill assigned Plaintiff's account to Encore for collection purposes.
17. On or about November 19, 2006 Encore telephoned Plaintiff at 10:00 p.m. local time in an attempt to collect on the Broyhill account.
18. On or about November 29, 2006 Encore again telephoned Plaintiff at 9:13 p.m. local time concerning the Broyhill account.
19. During the November 29, 2006 telephone call, Plaintiff asked the Encore collector whether she knew that it was past 9:00 p.m. Arizona time. The collector replied that she knew the law and that she could call Plaintiff up until 10:00 p.m.
20. Plaintiff subsequently telephoned Encore and asked to speak with a manager in order to stop the late night phone calls to his home. The manager told Plaintiff that he was aware of the problems and that Encore had received several complaints concerning calls placed

1 after 9:00 p.m.
2 21. However, despite the manager's assurances that the problem was being corrected, two weeks later on or about December 14, 2006 Plaintiff received another telephone call from Encore at 9:20 p.m. concerning the collection of the Broyhill account.
7 22. These three calls from Encore were all placed after 9:00 p.m. Arizona time.
9 23. All three phone calls were made late in the evening and had an upsetting effect on Plaintiff and his family.
11 24. The first contact from Encore to Plaintiff was by telephone.
13 25. At no time has Plaintiff received any written communication from Encore concerning the Broyhill account.
16 26. Encore has failed to provide written notice to Plaintiff of his rights contained the verification/validation notice as required under FDCPA § 1692g.
19 27. Encore has failed to provide written notice to Plaintiff that Encore was attempting to collect a debt and that any information obtained will be used for that purpose as required by FDCPA § 1692e(11).
23 28. As a result and proximate cause of Encore's actions, Plaintiff has suffered actual damages, including, but not limited to, emotional distress and invasion of privacy.

29. Defendant's actions were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of its persistent and routine practice of debt collection.
30. In the alternative, Defendant's actions were negligent.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

31. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
32. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§1692c(a)(1), 1692d, 1692e(11), and 1692g.
33. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Statutory damages of $1,000 pursuant to §1692k;
b)   Actual damages in an amount to be determined by trial;
c)   Costs and reasonable attorney's fees pursuant to §1692k; and

1       d)   Such other relief as may be just and proper.

3       DATED   February 13, 2007  .

**FLOYD W. BYBEE, PLLC**

 s/ Floyd W. Bybee
Floyd W. Bybee, #012651
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff